## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DYLAN POST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-1283-JES |
| | ) | |
| STEVE KALLIS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER AND OPINION

Now before the Court is Petitioner Post's Petition (Doc. 1) for Writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, the Petition (Doc. 1) is DENIED.

## BACKGROUND

On April 8, 2011, Dylan Post pleaded guilty by way of a plea agreement to the offense of bank robbery by force or violence, in violation of 18 U.S.C. §§ 2113(a) and (d). On July 27, 2011, Post was sentenced in United States District Court for the Eastern District of Wisconsin to a term of 144 months of imprisonment. *United States v. Post*, No. 2:10-cr-00274-JPS-1 (E.D. Wis. 2011). On June 19, 2017, Post filed the instant Petition for Writ of habeas corpus under 28 U.S.C. § 2241, raising a single argument that he no longer qualifies as a Career Offender under U.S.S.G. § 4B1.1 and is thus entitled to a sentence reduction in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). Doc. 1. The United States filed a partial Response in opposition, and Post filed a Reply. Docs. 4, 6. This Order follows.

## LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, No. 16-3509, 2017 WL 4330368, at *1 (7th

1

Cir. Aug. 22, 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing that (1) the claim relies on a new statutory interpretation case; (2) the petitioner could not have invoked the decision in his first § 2255 motion *and* the decision applies retroactively; and (3) there has been a fundamental defect in the proceedings that is fairly characterized as a miscarriage of justice." *Montana v. Cross*, 829 F.3d 775, 779 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017).

## DISCUSSION

Post cannot challenge his Career Offender designation in a collateral proceeding. Two decisions from the Seventh Circuit, *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013) (*Hawkins I*), and *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013) (*Hawkins II*), preclude relief for Petitioner Post because together they hold a petitioner may not seek on collateral review to revisit the district court's calculation of his advisory guidelines range. The Court is bound by the *Hawkins* decisions. Given the interest in finality of criminal proceedings, in *Hawkins I* the Seventh Circuit held an erroneous interpretation of the guidelines should not be corrigible in a postconviction proceeding so long as the sentence actually imposed was not greater than the statutory maximum. *Hawkins I*, 706 F.3d at 823–25. It specifically distinguished

the advisory guidelines from the mandatory system in place at the time of *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011) (holding Narvaez's improper sentence under the mandatory guidelines constituted a miscarriage of justice).

Hawkins moved for rehearing in light of *Peugh v. United States*, 133 S. Ct. 2072 (2013), in which the Supreme Court held the Guidelines were subject to constitutional challenges "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Peugh*, 133 S. Ct. at 2082. The Seventh Circuit denied rehearing because *Peugh* was a constitutional case whereas *Hawkins I* involved a miscalculated guidelines range, the legal standard in *Peugh* was lower than for postconviction relief, and *Peugh's* retroactivity was uncertain. *Hawkins II*, 724 F.3d at 916–18 ("[I]t doesn't follow that postconviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly."). Because Post's only challenge in his Petition is to the district court's calculation of his advisory guideline range (i.e., the Career Offender designation), his claim is not cognizable on collateral review and must therefore be denied.

## CONCLUSION

For the reasons set forth above, Petitioner Post's Petition (Doc. 1) for Writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.


This matter is now terminated.

Signed on this 10th day of July, 2018.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge

3